# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3140

_____

United States of America,      *
      *
      Plaintiff - Appellee,      *
      *      Appeal from the United States
      v.      *      District Court for the
      *      Western District of Missouri.
Gregland L. Phillips,      *
      *      [UNPUBLISHED]
      Defendant - Appellant.      *

_____

Submitted: April 15, 2005
Filed: July 6, 2005

_____

Before LOKEN, Chief Judge, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

Gregland L. Phillips appeals his sentence arguing the district court[1] erred by enhancing his sentence based on facts found by the judge rather than proved to a jury beyond a reasonable doubt. We affirm.

On January 15, 2004, Phillips pleaded guilty to the charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Pre-Sentence Investigation Report (PSR) recommended a four-level enhancement under the United

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

States Sentencing Guidelines for the possession of a firearm in connection with another felony, U.S.S.G. § 2K2.1(b)(5), and a three-level adjustment for acceptance of responsibility, for a total offense level of 21. The PSR established Phillips's criminal history category as IV, resulting in a sentencing range of 57 to 71 months.

At the sentencing hearing, held on August 5, 2004, Phillips objected to the enhancement under the principles announced in Blakely v. Washington, 542 U.S. 296 (2004). Initially, the district court indicated it would impose alternative sentences. However, by the end of the hearing, after listening to further argument from Phillips's attorney that the enhancement was not permissible under Blakely, the district court stated: "I'm going to sentence [Phillips] like the guidelines are completely unconstitutional." The district court then sentenced Phillips to 71 months' imprisonment, to be followed by a three-year term of supervised release.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court applied the principles of Blakely to the federal Guidelines and held the mandatory sentencing Guidelines system was unconstitutional. As a remedy, the Supreme Court made the Guidelines advisory. In United States v. Pirani, we explained the nature of the Booker error to include "[a]ll sentences imposed by a district court that mistakenly (though understandably) believed the Guidelines to be mandatory." 406 F.3d 543, 553 (8th Cir. 2005) (en banc).

In the instant case, there was no Booker error. Prior to sentencing Phillips, the district court determined the Guidelines were unconstitutional. Consequently, Phillips cannot establish Booker error because Phillips was not sentenced under a mandatory sentencing regime.

Furthermore, our review of the record leads us to conclude the sentence imposed was not unreasonable. See Booker, 125 S. Ct. at 765-66. In imposing the 71 month sentence, which is at the high end of the range, the district court considered

Phillips's criminal history since the age of 16. The court also relied on the fact that Phillips, after spending ten and a half years in jail for first-degree robbery, was paroled, and then violated his parole by using drugs, failing to maintain employment, and possessing marijuana. Additionally, the district court gave Phillips a three-level reduction for acceptance of responsibility. The sentence is affirmed.

———————————————